This is an appeal from the Circuit Court of Adams County wherein the defendant, Jewel Hickombottom was convicted of rape and sentenced to serve a term of forty years in the Mississippi Department of Corrections. Feeling aggrieved, Hickombottom perfects this appeal.
The appellant makes the following assignments of error:
 I. THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO QUASH THE INDICTMENT
There is no merit to this assignment of error because the indictment tracks Mississippi Code Annotated section 97-3-65
(Supp. 1981) which deals with the crime of rape.
We have said on numerous occasions that where the indictment tracks the language of a criminal statute that it is sufficient to inform an accused of the charge against him. State v.Labella, 232 So.2d 354 (Miss. 1970); Anthony v. State,349 So.2d 1066 (Miss. 1977). In Culberson v. State, 379 So.2d 499
(Miss. 1979), this Court stated:
 The language of the indictment was sufficient to apprise Culberson of the . . . charge against him, thereby enabling him to prepare a defense to it, if any he had.
Mississippi now has a sexual battery statute, Mississippi Code Annotated section 97-3-95 (Supp. 1981) which is a less severe offense than forcible rape and provides for a lesser penalty upon conviction.
The sexual battery statute, by its own terms, provides that it does not repeal or otherwise amend any existing statute.
The appellant argues that the sexual battery statute is so vague that it violates his constitutional guarantee of due process. However, it is not necessary for us to determine the validity of this argument since the appellant was indicted for and convicted of the crime of rape under section 97-3-65 (Supp. 1981) and not sexual battery.
 II.
THE LOWER COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO EXCLUDE OUT-OF-COURT AND IN-COURT IDENTIFICATION TESTIMONY AND FOR MISTRIAL.
There is no merit to this assignment of error. The trial court conducted a hearing outside the presence of the jury and made the following ruling: *Page 1339 
 Let the record show that Defendant's motion to exclude this testimony will be overruled, and his motion for mistrial based upon the witness having previously identified this Defendant now in front of the jury will be overruled for the reason that the Court is satisfied that the identification of the Defendant is based upon her original impression, there being no showing whatsoever that her identification has been tainted.
We have carefully examined the record with regard to the victim's identification of the appellant and are of the opinion that the trial court was eminently correct in its finding and that there is no substantial possibility of misidentification of the appellant. Considering the totality of the circumstances, the victim's identification of the appellant withstands the test under the criteria laid down in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and Manson v. Brathwaite,432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
 III. THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A DIRECTED VERDICT.
This assignment of error is without merit. There was more than ample evidence upon which the jury could find that the victim submitted because of "fear arising out of a reasonable apprehension of great bodily harm," under the rule of Fields v.State, 293 So.2d 430, 432 (Miss. 1974), and Rush v. State,301 So.2d 297 (Miss. 1974). There was also abundant evidence to justify the jury in finding that the appellant was the person who committed forcible rape on the victim.
 IV.
THE LOWER COURT ERRED IN GIVING STATE INSTRUCTIONS S-2 AND S-5, CONTRARY TO LAW AND WHEREIN THE JURY WAS CONFUSED AND MISLED. DEFENDANT'S INSTRUCTION NO. D-5 SHOULD HAVE BEEN GIVEN.
In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Knight v. State, 57 So.2d 161 (Miss. 1952), and Norman v. State, 385 So.2d 1298 (Miss. 1980). We have carefully considered all of the instructions and are of the opinion that the jury was amply and fairly instructed as to the law with reference to the crime of rape and that the appellant was not denied any instruction to which he was entitled. The jury was given several alternatives as to their verdict, one of which was "If you find the Defendant guilty of rape, but are unable to fix the penalty, the form of your verdict may read: `We, the Jury, find the defendant guilty, but are unable to fix the penalty.'" After deliberating for approximately two hours, the jury chose not to fix the penalty of the defendant at life imprisonment, nor to find him guilty of the offense of sexual battery, but followed the instruction with regard to finding him guilty of rape and returned the following verdict in the exact words of the instruction dealing with rape: "We, the Jury, find the defendant guilty, but are unable to fix the penalty."
It is therefore evident that the jury was not confused in any way by the court's instructions.
 V.
THE LOWER COURT ERRED IN REFUSING TO SET ASIDE THE VERDICT OF THE JURY AND JUDGMENT PURSUANT THERETO AND ORDER A NEW TRIAL.
There is no merit to this assignment of error and it warrants no discussion.
 VI.
THE LOWER COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR REDUCTION OF SENTENCE.
Section 97-3-65 dealing with forcible rape places the imposition of a life *Page 1340 
sentence within the sole province of the jury, and unless the court has the authority from the jury, no such sentence can be imposed by the trial judge. A trial judge may not impose a sentence of life under section 97-3-65 when the jury has failed to do so. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life. Leev. State, 322 So.2d 751 (Miss. 1975).
The appellant contends that his sentence of forty years in the Mississippi Department of Corrections is the equivalent of a life sentence, whether served without probation or when probation becomes a factor.
At the time of trial, the appellant was either 22 or 23 years of age and it is presumed that he was in good health since there was no evidence to the contrary. If he served the full forty years, he would be approximately 63 years of age at that time. This is substantially less than his reasonable life expectancy.
Finding no merit to the appellant's assignments of error, the judgment and sentence imposed by the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, and DAN M. LEE, JJ., concur.
 *Page 61