479 So.2d 713 (1985)
Melvin WARD
v.
STATE of Mississippi.
No. 55462.
Supreme Court of Mississippi.
October 30, 1985.
Rehearing Denied November 20, 1985.
*714 Isaac K. Byrd, Jr., Owens & Byrd, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON PETITION FOR REHEARING
PRATHER, Justice, for the Court:
The original opinion is withdrawn and this opinion is substituted.
The sufficiency of an indictment to support a charge of aggravated assault is the question presented by this appeal. The appellant, Melvin E. Ward, was convicted in Hinds County Circuit Court of the crime of aggravated assault and sentenced to a term of twenty years in the Mississippi Department of Corrections at Parchman, with five years suspended. It is from this conviction and sentence that the appellant appeals assigning the following as error:
(1) The indictment is insufficient to support a charge of aggravated assault;
(2) The trial court erred in permitting the prosecution to cross-examine a defense witness on matters which were extraneous and prejudicial;
(3) The jury instructions do not properly define and explain the crime of aggravated assault; and
(4) The trial court erred in denying defendant's requested self-defense instruction.
This Court affirms the conviction.

I.
Appellant Melvin E. Ward was charged with aggravated assault of Jo Ann Ward as a result of an incident that occurred on April 11, 1983. Melvin and Jo Ann had been married from July of 1978 until September of 1981, when Jo Ann was granted a divorce on the ground of cruelty. The mother was awarded custody of the couple's two children and Melvin was ordered to pay $175.00 monthly child support. Melvin has been jailed several times for nonpayment of child support since the divorce, most recently before the trial in March of 1983.
According to Jo Ann Ward, sometime between 7:30 and 8:30 p.m. on April 11, 1983, she emerged from the bathroom of her apartment at 535 Eastview Street in Jackson, Mississippi to find the appellant standing in her bedroom door. The appellant told Jo Ann that he didn't appreciate what she did concerning his non-payment of child support. Appellant asked Jo Ann if a belt hanging in the closet was his army belt. Jo Ann became nervous because on prior occasion the appellant had beaten her while wearing army clothing. Jo Ann went to the dresser to get some clothes for the children, intending to leave the apartment. Appellant wrapped the belt around her neck from behind and choked her until she passed out.
Appellant's version of the incident was that Jo Ann cursed him and attacked him, striking him with a belt and kicking him in the groin; that as he grabbed Jo Ann's collar in order to restrain her, the bandanna which she was wearing around her head slipped around her neck and became entangled in the appellant's hand; that when Jo Ann ceased struggling the appellant released his grip and Jo Ann fell to the floor.
Dr. Judy Gore of the University Medical Center in Jackson, who examined and treated Jo Ann Ward on April 12, 1983, testified that the victim's face and head from the neck up were very swollen and bruised, particularly around the area of the eyes. Dr. Gore testified that the belt introduced as State's exhibit 5 was consistent with the smooth band-like bruise marks which she observed around Jo Ann's neck. Dr. Gore was of the opinion that a twisted handkerchief could not have caused Jo Ann's injuries. Deborah McNealy, a forensic serologist *715 with the Jackson Police Crime Lab, testified that tests performed upon state's exhibit 5 revealed that the stains upon the belt were human blood of an unknown type.

II.
Appellant was charged with aggravated assault in violation of Miss. Code Ann. § 97-3-7 (Supp. 1983) which provides in pertinent part:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years.
The indictment under which appellant was charged read as follows:
Melvin E. Ward in said District, County and State on the 11th day of April, A.D., 1983 did, with intent, purposely, knowingly or recklessly, unlawfully and feloniously cause serious bodily injury to the body of Jo Ann Ward, a human being, under circumstances manifesting extreme indifference to the value of human life.
Appellant contends that the indictment was legally insufficient to support a charge of aggravated assault in that it failed to provide any "factual support" for the crime charged. It is the appellant's position that overt acts evidencing such intent and action are necessary to be alleged in the indictment.
The general rule is that where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him. Hickombottom v. State, 409 So.2d 1337 (Miss. 1982); Anthony v. State, 349 So.2d 1066 (Miss. 1977); State v. Labella, 232 So.2d 354 (Miss. 1970). Here this indictment does so track the language of the statute in charging a completed act of aggravated assault, and this Court holds that it is sufficient. The cases relied upon by the appellant in support of his position are indictments charging attempted aggravated assault. Joshua v. State, 445 So.2d 221 (Miss. 1984). Thus all of these cases are readily distinguishable factually where a completed assault is charged, as in this case.
However, this Court takes notice of the fact that this statute has been used to cover varying factual situations of considerable latitude. Gray v. State, 427 So.2d 1363 (Miss. 1983) (aggravated assault by use of a moving automobile was upheld). In view of the availability of this criminal charge in many factual settings, it is advisable to set forth in an indictment the factual situation which manifests indifference to human life. Additionally, Rule 2.05 of the Mississippi Uniform Criminal Rules of Circuit Court Practice requires that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him."
The defendant is entitled to have sufficient facts charged to be able to apply a double jeopardy defense should the need arise.
Based upon Hickombottom, supra, this Court concludes that the indictment in the case sub judice was sufficient.

III.
Appellant contends that a portion of the prosecutor's cross-examination of appellant's sister, Gwendolyn Ward, constituted improper cross-examination. The cross-examination here appears argumentative and repetitious, but does not appear suggestive as bigamous or adulterous.
Appellant cites only Craft v. State, 271 So.2d 735 (Miss. 1973) in support of this assignment. In Craft this Court held that *716 the cross-examination of a defense witness in which the prosecutor repeatedly suggested that the witness and the appellant were living together bigamously was reversible error. The Court noted that the issue of bigamy was irrelevant and prejudicial and that the prosecutor's cross-examination on the matter was calculated to humiliate and embarrass the witness. Id. at 737-738.
Questions regarding the scope of cross-examination rest within the sound discretion of the trial court and are subject to reversal only upon a clear abuse of that discretion. Shanklin v. State, 290 So.2d 625 (Miss. 1974). Given the relationship between the witness and the appellant, the trial court did not abuse its discretion in permitting the prosecutor to examine Mrs. Ward regarding her credibility and possible bias as a witness.

IV.
Appellant assigns as error the granting of jury instruction S-1 which reads as follows:
JURY INSTRUCTION NO. 1
The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the Defendant, Melvin E. Ward, on April 11, 1983, did purposely, recklessly or knowingly cause serious bodily injury to Jo Ann Ward, a human being, under circumstances manifesting extreme indifference to the value of human life, then Melvin E. Ward is guilty of aggravated assault and it is your sworn duty to so find, and the form of your verdict may be:
"We, the Jury, find the Defendant guilty of aggravated assault".
You should write your verdict on a separate sheet of paper.
Counsel for the appellant did not object to the instruction when it was granted by the trial court and failed to assign the granting of the instruction as a ground in his motion for a new trial. Therefore, this assignment of error is not properly before this Court and is procedurally barred. Rayburn v. State, 312 So.2d 454 (Miss. 1975) Mississippi Supreme Court Rule 42.

V.
Appellant assigns as error the trial court's denial of the following instruction on the issue of self-defense:
If you believe from the preponderance of the evidence that Jo Ann Ward had used abusive threats and insulting language to Defendant, Melvin Ward, and made threats against him, then the Defendant had a right to be on guard against her and protect himself and if, from her conduct, it reasonably appeared to Defendant that Jo Ann Ward intended to attack Defendant and did in fact attack said Defendant, then Defendant was not bound to wait until Jo Ann Ward inflicted bodily harm upon him, but might anticipate Jo Ann Ward and grabbed her, if such action was apparently necessary to protect himself.
The trial court granted the state's instruction on self-defense which read as follows:
JURY INSTRUCTION NO. 2
The Court instructs the Jury that to make an assault justifiable on the grounds of self-defense, the danger to the Defendant must be either actual, present and urgent, or the Defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the Jury to determine the reasonableness of the ground upon which the Defendant acts.
The instruction submitted by the state and given by the court in this case is the verbatim self-defense instruction recommended by this Court in Robinson v. State, 434 So.2d 206 (Miss. 1983). Pierce v. State, 289 So.2d 901 (Miss. 1974), upon which the appellant relies, is distinguishable in that no self-defense instruction was given in that *717 case and therefore the denial of the defendant's self-defense instruction left the jury completely uninstructed on the issue of self-defense.
It is the court's opinion that this assignment of error is without merit.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.