278 So.2d 456 (1973)
Dewitt RUSH
v.
STATE of Mississippi.
No. 47312.
Supreme Court of Mississippi.
May 28, 1973.
Rehearing Denied June 18, 1973.
*457 Alford & Mars, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
In the Circuit Court of Neshoba County, appellant Rush was convicted of manslaughter (culpable negligence). A pistol bullet which killed Parker, a bystander, was fired by Rush, who was in a ruckus with Marshall. Rush received a sentence of twenty years in the penitentiary and appeals. We affirm.
The facts show that, along with several others, appellant Rush was at the home of Ora Sue and Booker T. Parker, where he had been invited. Rush carried on his person two pistols which he fired several times (before any difficulty erupted) trying them out. There was testimony that Rush and others were shooting firecrackers during which time one Marshall threw some firecrackers on Rush. Someone threw a firecracker toward Marshall, who became angry. Rush and Marshall, both of whom were drinking beer, became involved in a dispute about the firecrackers. Testimony showed that Rush moved from the yard into the road where he pulled out the two pistols. Marshall was following him. Some testimony indicated that Rush was asking Marshall to get out in the road with him. At this point Rush fired into the ground and one bullet struck Marshall in his foot.
Others went near Marshall in an effort to persuade him to become disinvolved in the affray. Also, Rush was asked by bystanders to cease and to get into the car of Williams and leave in it with them. Then he put the pistols into his pocket and got into the car. Apparently Rush was in the *458 car as if to leave when Marshall got in front of the car and, according to Rush, was coming toward him when Rush fired the pistol. Others said Marshall was standing still in front of the car, unarmed and doing nothing when Rush fired at him. Still other witnesses said Marshall was by the side of the car and near Rush when the fatal shot was fired. The bullet missed Marshall but struck and killed Booker T. Parker who was standing nearby. Some testimony indicated that Rush was attempting to shoot Marshall while other testimony was that he, while sitting in the car, just fired the gun haphazardly without carefully aiming. Parker was beside the car toward its front end. Several others were near Parker when he was shot.
Different details were reflected by different witnesses but the foregoing are the salient facts upon which this decision is based.
It is first charged that reversible error was committed by the lower court in the early stages of the trial when a venireman on voir dire examination stated that he knew Rush and had a money judgment against Rush. The court asked the prospective juror if he could lay aside and dismiss from his mind the fact that he knew the parties and had an unpaid judgment against Rush, and if he could "try this case on the testimony ... and the law that will be given you in the form of written instructions by the court as if you had never had any dealings with this defendant in your life?" Said prospective juror answered affirmatively. Rush challenged said venireman for cause and the court overruled the challenge. Said juror was peremptorily excused by Rush and in fact did not serve on the jury.
There is no indication in the record that the prospective juror, Walton, had in his mind any fixed opinion about guilt or innocence of the accused. Simmons v. State, 241 Miss. 481, 130 So.2d 860 (1961). We find no error as to the court below denying the challenge for cause, especially where it is not shown in this record that Rush had exhausted his peremptory challenges and was thereby compelled to accept said juror. Chapman v. Carlson, 240 So.2d 263 (Miss. 1970); Miss.Code 1942 Ann. § 1763 (1956).
Appellant contends that his requested instructions numbered 1, 5, 7 and 12 were erroneously refused and that such refusal denied his right to plead self-defense. We cannot agree with this contention that he was denied his right to plead self-defense because the state's instruction No. 3 and the appellant's instructions No. 4 and No. 9 adequately submitted to the jury the proposition of self-defense. Instructions granted both the state and the accused are to be read together. When considered together, if the instructions adequately instruct the jury there is no reversible error present. In view of the meaning and guidance expressed by the totality of instructions given both sides, we find there was no reasonable possibility that the jury in this case was misled by instructions to the prejudice of appellant. Holmes v. State, 201 Miss. 509, 29 So.2d 312 (1947).
Instruction No. 7 requested by appellant contained a double negative. As written, it was confusing and was properly refused for lack of clarity.
Rush also contends that the court committed reversible error by granting the state's instruction No. 2, to-wit:
The Court instructs the Jury for the State of Mississippi, that criminal or culpable negligence is such gross negligence which under the circumstances then and there existing evidences a wanton, reckless and wilful disregard of human life, and the conscious and wanton and reckless disregard of the probabilities of fatal consequences to others as a direct result of the wilful creation of an unreasonable risk thereof; and if you believe from all the evidence in this case, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, *459 that at the time and place complained of, the defendant was then and there guilty of such culpable negligence and as a direct result thereof, he, the defendant did with a deadly weapon, to-wit: a pistol, kill and slay the deceased, Booker T. Parker, and if you so believe from all the evidence in this case, beyond a reasonable doubt and ... then the defendant, DeWitt Rush, is guilty as charged in the indictment, and the Jury should so find.
We find nothing in said instruction that could constitute reversible error. It adequately defines manslaughter through culpable negligence as taking the life of another by or through "wanton, reckless and wilful disregard of human life, and the conscious and wanton and reckless disregard of the probabilities of fatal consequences to others as a direct result of the wilful creation of an unreasonable risk thereof." The concluding portion of said instruction No. 2 complained of actually required the state to prove its case beyond a reasonable doubt and "to the exclusion of every other reasonable hypothesis," which is a higher burden than the state was required to meet since the evidence was not circumstantial in nature. It was for the jury to say whether or not under the facts and circumstances Rush was justified in doing what he did. The fact that the bullet struck and killed Parker certainly demonstrates that the pistol was pointed at Parker and not at Marshall. See Robertson v. State, 153 Miss. 770, 121 So. 492 (1928).
Appellant argues that the granting of instruction No. 3 for the state is reversible error. It contained the following language:
The Court instructs the Jury for the State that to make an assault with a deadly weapon justifiable . .. defendant must have reasonable grounds to apprehend a design on the part of the assaulted party to kill him or to do him some great bodily harm, and in addition on this that there was imminent danger of such design being accomplished... .
Contention is made for appellant that this instruction denied him his constitutional right of self-defense. This instruction was approved by this Court in the case of Hartfield v. State, 176 Miss. 776, 170 So. 531 (1936). Said instruction does not in fact require that the accused must know that the danger is actual and imminent. It is not sufficient to the defense of one confronted by facts such as appellant was confronted with in this case that imminent and immediate danger would be apprehended only by a coward or by one who is at the time unduly frightened out of his senses. As stated by this Court in Hartfield, supra, the correct rule as contained in the last quoted instruction is that:
The apprehension of such danger must be real and such as would or should, under the circumstances, be entertained by a reasonably well-disposed man of average prudence; and whether the accused has, in a particular case, measured up to that standard of conduct is a question to be submitted to, and decided by, the jury... .
It is to be noted that the conviction in Hartfield was reversed on account of other faulty instructions but the instruction now under attack was approved in said case.
It is next contended that reversible error was committed when the district attorney interrupted the cross-examination by appellant's counsel of a state's witness. It appears that the interruption, "said what?" was an interjection of the prosecutor resulting from failure on his part to hear what was said. The interruption may not have been good trial etiquette, but this simple occurrence could not have been so prejudicial as to constitute reversible error. The trial judge in his discretion overruled the objection of the defense to "said what?" and we cannot say that he *460 abused his discretionary authority. Roberson v. State, 257 So.2d 505 (Miss. 1972).
Appellant also submits that reversible error resulted from prejudicial remarks made by the district attorney in his argument to the jury after both sides had rested. There is no merit in this contention as to a part of the remarks in question because no objection was made thereto in the trial. Certain other of his remarks were objected to but they do not constitute reversible error because they were fair comment upon certain testimony given by witnesses.
Appellant also says his conviction should be reversed on account of improper language used by the prosecutor in his cross-examination of appellant. If there were any error in the cross-examination, it is not reversible error because the same was not objected to at the trial below. As to the cross-examination of appellant about his "purchase of several other guns," the court sustained the objection made thereto and no motion was made that the jury be instructed to disregard appellant's answer to the question and no motion was made for a mistrial. The court did all that it was requested to do as to such cross-examination. For these reasons, we find no reversible error as being contained in the language or conduct of the district attorney. The rule is that when a defendant is of the opinion that he is entitled to a mistrial at any stage of the proceedings, he must move for same in order to preserve the point for argument on appeal. Auman v. State, 271 So.2d 427 (Miss. 1973).
The final point is that the verdict was against the overwhelming weight of the evidence. Having carefully reviewed all of the testimony contained in the record, we cannot say that the jury was not justified in returning a verdict of guilty. As we have held many times, the jury passes upon the credibility of the witnesses and the weight and worth of their testimony. Here, the jury chose to believe, upon the evidence, that Parker was shot and killed through the culpable negligence of the appellant and they rejected his plea that he properly acted in self-defense. While the jury could have accepted appellant's version and acquitted him, we cannot say that the failure of the jury to do so, upon the testimony presented, was reversible error.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.