538 So.2d 781 (1989)
Pamela YOUNG
v.
Fannie ROBINSON.
No. 58235.
Supreme Court of Mississippi.
February 15, 1989.
Heber A. Ladner, Jr., Ferrell Tadlock, Ladner & Associates, Jackson, for appellant.
William Walker, Jr., Walker & Walker, Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Pamela Young appeals from a judgment rendered against her in the circuit court of the First Judicial District of Hinds County in the amount of $63,600. The suit arose over a motor vehicle accident in which the plaintiff Fannie Robinson suffered personal injuries.
Most of Young's assignments of error deal with well-trodden paths in which we can find no solace for her, and there is no need to address them.
One assignment, however, does merit discussion, and that is the fact that the jury was not instructed to reduce Robinson's damages resulting from impairment in future earnings to present net cash value. Because defense counsel did not request that the jury be instructed on this point of law, we affirm.
At trial the plaintiff was granted the following instruction:
INSTRUCTION NO. 12
Your verdict shall be for plaintiff, Fannie Robinson. You may consider the following factors, if shown by a preponderance of the evidence, in determining the *782 amount of damages, if any, to be awarded to Fannie Robinson:
1. The injuries, if any, received by Fannie Robinson, and the length of their duration, if any;
2. Past, present and future physical pain and suffering, if any, resulting from her injuries, if any;
3. Past, present, and future mental anguish, if any, resulting from her injuries, if any;
4. Reasonable medical expenses, if any incurred, and those that are reasonably certain to be incurred in the future, if any;
5. Any future disability that is reasonably certain to occur, if any, its duration and its effect, if any;
6. Income losses, if any, sustained by her to date and those that will be incurred in the future, if any.
The Court further instruct[s] the Jury that there is no precise formula or yardstick by which you can fix with any degree of exactness compensation for pain, suffering and mental anguish, but the law contemplates that the jurors, exercising common sense and calling upon their experience in life, can find and determine fair, reasonable and adequate compensation for these items of damages, if any.
When the instruction was being debated before the circuit judge, the following colloquy occurred:
MR. WILLIAM WALKER:
We stand by 13 [which became Instruction No. 12, quoted above].
* * * * * *
THE COURT:
Any objections?
MR. HOLLAND:
Yes, your Honor, to several aspects. First, subparagraph number one, it does not allow for any preexisting or induction for preexisting injuries that the Plaintiff may have, her age, weight, or anything like that.
THE COURT:
It will be given.
MR. HOLLAND:
We object to subparagraph number two to the extent that it asks for future physical pain and suffering.
THE COURT:
Subparagraph two will be given.
MR. HOLLAND:
Paragraph number three, your Honor, relates to future medical anguish. She has not testified as to any future medical anguish 
THE COURT:
You mean mental anguish?
MR. HOLLAND:
Yes, I'm sorry, future mental anguish. She has not testified to any future mental anguish. There has been no testimony from any doctor or from the Plaintiff that she will suffer anguish in the future.
THE COURT:
The Plaintiff established that. Four?
MR. HOLLAND:
No objection, your Honor.
THE COURT:
Five?
MR. HOLLAND:
Your Honor, we stand on our objections as to the disability evidence that was presented at trial as improper. There has been no evidence whatsoever as to lost income. There have been no wage statements. No economists have testified. No one has testified as to what she made on a yearly basis. We ask that that be stricken.
THE COURT:
Given.
MR. HOLLAND:
No objections to 
THE COURT:
That last paragraph, I prefer to strike that, the twelve, since we only require nine. Let's insert the word "that" before "the".[1]
THE COURT:

*783 P-14?
Generally, when a jury instruction is offered at trial, it is the duty of the opposing party, in order to preserve this point for appeal, to state a contemporaneous objection in specific terms so that the trial court has an opportunity to correct any mistake. See, Hines v. State, 472 So.2d 386 (Miss. 1985); Billiot v. State, 454 So.2d 445 (Miss. 1984); Lumpkin v. State, 413 So.2d 386 (Miss. 1982).
Further, on appeal a party may not argue that an instruction was erroneous for a reason other than the reason assigned on objection to the instruction at trial. See, Meyer v. State, 309 So.2d 161 (Miss. 1975); Entrican v. State, 309 So.2d 851 (Miss. 1975); Rush v. State, 278 So.2d 456 (Miss. 1973).
As to an instruction on present net cash value of lost earnings, in Sheffield v. Sheffield, 405 So.2d 1314, 1317-1318 (Miss. 1981), we held that it would be proper "upon request of the defendant." Id. at 1318. Thereafter, in Jesco, Inc. v. Whitehead, 451 So.2d 706, 709-710 (Miss. 1984), we reversed because the circuit judge granted an instruction on loss of future earnings over the specific objection of defense counsel that it failed to instruct the jury to reduce such damages to their present net cash value. We hold, therefore, that such an instruction is appropriate when there is evidence to support it. We furthermore hold, however, that if the defendant wishes the jury instructed on such matter it is incumbent upon him to specifically request it, either by an instruction on his own, or that it be added to one of the plaintiff's instructions. In the absence of specifically calling the matters to the attention of the circuit judge and tendering a requested instruction embracing this issue, any error thereasto is waived. See also, Wolfe v. Mendel, 165 Neb. 16, 84 N.W.2d 109, 115 (1959); Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796, 804 (1952); and 22 Am.Jur.2d Damages, § 998 (1988), and cases cited therein.
There having been no specific request made to the circuit judge to instruct the jury on this issue, any error thereasto is waived.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and ZUCCARO, JJ., concur.
NOTES
[1] The court deleted the word "twelve" just before the word "jurors" in the final paragraph of the instruction.