KING, P.J.,
for the court:
¶ 1. Clint Pool was convicted of manslaughter in the Jones County Circuit Court. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by both the conviction and sentence, Pool has filed this appeal and assigned the following as errors: (1) whether the trial court erred by granting instructions S 1 and S 2, which contained a reference to “self-defense” when the case was being defended on the grounds of an accident, and (2) whether the verdict was against the overwhelming weight of the evidence and insufficient as a matter of law to sustain a conviction of manslaughter.
FACTS
¶ 2. On October 21, 1998, Clint Pool was riding in his truck, with his young son, when he saw Travis Myrick and Gaston Waites driving in the opposite direction. Pool stopped the truck and backed up to meet Waites and Myrick. Myrick and Pool exited their vehicles and walked to the rear of Pool’s truck to talk. The conversation quickly escalated into an argument. In an attempt to settle their disagreement, Myrick and Pool left in Pool’s truck. Myrick was to meet Waites approximately an hour later.
¶3. After driving for a while, Pool stopped the truck and both men got out. Pool advised Myrick to leave his family alone. Myrick agreed and began to walk away. Pool began to drive away, but changed his mind and went back to pick up Myrick. Pool, while holding a cocked .22 caliber revolver in his right hand, asked Myrick to get back into the truck. Myrick grabbed the gun and it discharged, hitting Myrick in the chest.
¶4. Soon after the shooting occurred, Mrs. Mary Maxcey and her daughter, Hope, approached the scene and noticed Pool speeding towards them. Before Pool reached Mrs. Maxcey’s car, he stopped the truck and made a u-turn and proceeded back to the scene of the shooting. As Mrs. Maxcey and her daughter neared the area of the incident, they saw Pool drag something across the road to the passenger side of the truck. Upon getting closer to Pool, they saw that he was dragging a body to his truck. Pool waived his hand in the air and Mrs. Maxcey stopped her car. Pool pleaded with them for help. Hope Maxcey helped load Myrick into the truck, and Mrs. Maxcey left to call an ambulance, leaving Hope behind. When she returned, Pool and Hope had taken Myrick away.
115. Pool drove Myrick and Hope to South Central Regional Medical Center in Sandersville. Officer Eddie Pitts arrived at the hospital and questioned Myrick about the shooting. Pool acknowledged to Officer Pitts that he shot Myrick in the chest. This wound caused Myrick’s death.
¶ 6. Upon being informed of Myrick’s death, Pool was charged with murder. Pool maintained that Myrick’s wound was caused by the accidental discharge of the gun. This assertion was contradicted by the testimony of Officer Riley, that the gun was a single action revolver which could not be fired unless the hammer was first manually pulled back.
I.
Whether the trial court erred by granting instructions S-l and S-2, which contained a reference to self-defense when the case was being defended on the grounds of an accident.
¶ 7. In his first assignment of error, Pool argues that instruction S 1, which defined heat of passion, and instruction S 2, which listed the elements of manslaughter, erroneously asserted that his theory of *699 the case was self-defense, and not that of an accident. Relying on Taylor v. State, 597 So.2d 192 (Miss.1992), Pool suggests that when a defendant does not claim self-defense and no one offers evidence of self-defense, an instruction on self-defense should not be given.
¶ 8. We begin our analysis with the general observation that jury instructions must be considered as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Collins v. State, 691 So.2d 918, 922 (Miss.1997) (citing Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982)). See also Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1157 (Miss.1992).
¶ 9. The record indicates that Pool objected to Instruction S 1 because it did not include all the elements required under Miss.Code Ann. § 97-3-35 (Rev.2000). Specifically, Pool argued that the required language from the statute, which defined heat of passion manslaughter as a “Milling without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon ... and not in necessary self-defense,” was absent from the instruction. However, in his brief, Pool argues that the instruction imposes self-defense as a theory of defense and not that of an accident. The basis for the objection at trial and in the brief are contradictory. On appeal, a party may not argue that an instruction was erroneous for reasons other than those assigned at trial. Young v. Robinson, 538 So.2d 781, 782 (Miss.1989). Presentation of an objection other than that presented to the trial court waives review of this objection. Walker v. State, 740 So.2d 873(¶ 56) (Miss.1999). Instruction S 2 listed the elements of manslaughter and what was necessary to find Pool guilty of manslaughter. Instruction S-2 also included a reference to self-defense, but it did not assert self-defense as a possible theory of defense. The court granted Pool’s instruction D-l, which adequately stated his theory of defense as that of an accident or misfortune.
¶ 10. When all of the instructions are evaluated as a whole, we conclude that an adequate representation of the law was given. See Higgins v. State, 725 So.2d 220(¶ 16) (Miss.1998). Accordingly, this Court finds this issue to be without merit.
II.
Whether the verdict was against the overwhelming weight of the evidence and insufficient as a matter of law to sustain a conviction of manslaughter.
¶ 11. Pool admits to killing his friend, Myrick, but claims that the killing was an accident. He suggests that because there were no witnesses who can contradict his account of events, the Weathersby rule should be applicable and his conviction reversed.
It has been for some time the established rule in this state that where the defendant or the defendant’s witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.
Weathersby v. State, 165 Miss. 207, 147 So. 481, 482 (1933). See also Green v. State, 614 So.2d 926, 932 (Miss.1992). Pool’s statement is contrary to the testimony of several witnesses. According to Pool, as he held the gun, Myrick reached for it, and a struggle ensued. During the struggle, the gun accidentally discharged and wounded Myrick.
¶ 12. The testimony of Officer Riley and Dr. Hayne suggested that Myriek’s injury was inconsistent with an accidental *700 discharge. Officer Riley testified that the gun was a single action revolver, which required that the hammer must be manually cocked before the gun would fire. Dr. Hayne testified that Myrick’s wound was a contact wound, unlike what could be expected in a struggle over a gun. Because Pool’s account of events is contradicted, the Weathersby rule does not apply.
¶ 13. A trial judge is not authorized to substitute his judgment for that of the jury and set aside a jury verdict except “where it is manifest, from the evidence and surroundings, that it is not a fair and true verdict.” Gibson v. A.P. Lindsey, Distrib., Inc., 233 Miss. 853, 103 So.2d 345, 349 (1958) (quoting Shelton v. Underwood, 174 Miss. 169, 163 So. 828, 830 (1935)). We find that the trial court did not abuse its discretion in failing to grant a new trial. Muse v. Hutchins, 559 So.2d 1031, 1034 (Miss.1990). Viewing the evidence in the light most favorable to the state, Esparaza v. State, 595 So.2d 418, 426 (Miss.1992), we find that reasonable and fair minded jurors could find Pool guilty. Fisher v. State, 481 So.2d 203, 212 (Miss.1985). Finding no error, we affirm the circuit court’s judgment.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO JONES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.