LAMAR, Justice,
for the Court:
¶ 1. Twenty-year-old Jeremy Winters was convicted of felony driving under the influence (DUI), after his third DUI offense within five years and the trial judge’s determination that his blood-alcohol content (BAC) registered higher than .08%. He was sentenced to one year in the Mississippi Department of Corrections (MDOC) Intensive Supervision Program, followed by four years of probation. He appeals, claiming that the indictment was insufficient to charge him with felony DUI.
FACTS AND PROCEDURAL HISTORY
¶2. Jeremy Winters was arrested by Cleveland authorities for driving under the influence of intoxicants on November 11, 2006, at 1:56 a.m. This arrest followed at least two prior DUI convictions.[1] Officer Charles Morris administered a breathalyzer test on the Intoxilyzer 8000, and Winters registered a BAC of .09%.
*1174 ¶ 3. The indictment stated that Jeremy Winters “did unlawfully, wilfully and felo-niously drive or otherwise operate a vehicle while under the influence of an intoxicating liquor, while having two one-hundredths percent (.02%) or more by weight volume of alcohol in his blood.... ” The heading of the indictment read: “Felony DUI MCA Section 63 — 11— 30(l)(c).”
¶ 4. Winters waived his right to a jury trial and proceeded to a bench trial. At trial, Winters admitted to consuming one beer prior to driving and half a beer during the drive. He also admitted to consuming three beers earlier that evening around 7:00 p.m. The defense’s expert, Dr. Henry Outlaw, testified that Winters’s BAC was most likely between .068% and .076% at the time of arrest, based on information given by Winters himself. Under Dr. Outlaw’s findings, Winters would be guilty of a misdemeanor under the “Zero Tolerance for Minors” law[2] (applicable to minors with a BAC of more than .02%, but less than .08%).
¶ 5. The State’s expert, Maury Phillips, rebutted Dr. Outlaw’s opinion and explained the process of the Intoxilyzer 8000. The Intoxilyzer tests itself for accuracy before and after registering a BAC. Phillips testified that Winters’s BAC at the time of the arrest was accurate on the Intoxilyzer 8000 at .09%. Under Phillips’s findings, Winters’s BAC would be too high to apply the “Zero Tolerance for Minors” law, and he would be guilty of felony DUI under Mississippi Code Section 63-11-30(2)(e) for his third offense.
¶ 6. Defense counsel previously had filed several motions regarding the indictment, including a motion to dismiss and a motion to quash based on insufficient notice. The defense argued that the indictment was ambiguous as to whether Winters was being charged under the felony DUI statute or under the “Zero Tolerance for Minors” law. The State argued that the indictment put Winters on notice that he was being charged with a DUI, and any sentence would be based on Winters’s BAC at the time of arrest. Further, the State argued that Winters’s BAC was a question of fact for the trial court to determine. The trial court denied both motions without explanation. The trial court ultimately found Winters guilty and sentenced him according to the felony DUI statute to one year in the Intensive Supervision Program and four years probation. Winters argues on appeal that the indictment does not charge felony DUI.
ANALYSIS
¶ 7. The question of whether the indictment was sufficient to notify Winters of the charge against him is a question of law, which this Court will review de novo.[3] Generally, an indictment should be a “plain, concise and definite written statement of the essential facts constituting the offense charged” and should “fully notify the defendant of the nature and cause of the accusations against him.”[4] An indictment is considered sufficient if it tracks the language of the statute under which it is drawn.[5] However, it is not a requirement that the indictment use the exact *1175 words of the statute if the crime can be substantially described without using them.[6] In most instances, it is not necessary to recite the code section under which the indictment is being drawn; however, it is recommended.[7]
¶ 8. Winters’s indictment specifically references Section 63 — 11—30(l)(c), which states:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who ... (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law[.]
This provision of the DUI statute defines the crime and is the starting point for subsequent sections which provide the sentencing guidelines. Contained within the DUI statute is the “Zero Tolerance for Minors” law, which establishes less severe penalties for persons under the age of twenty-one.[8] But, the “Minors” law applies only to underage persons with a BAC of more than .02%, but less than .08%. Specifically, the statute states:
The provisions of this subsection shall apply only when a person under the age of twenty-one (21) years has a blood alcohol concentration two one-hundredths percent (.02%) or more, but lower than eight one-hundredths percent (.08%). If such person’s blood alcohol concentration is eight one-hundredths percent (.08%) or more, the provisions of subsection (2) shall apply.[9]
Although Winters was under twenty-one at the time of his arrest, the “Zero Tolerance for Minors” law does not apply, because the trial judge, as the trier of fact, found Winters’s BAC to be higher than .08%. So Winters’s conviction falls under Section 63-11-30(2), which applies to all individuals with a BAC of more than .08%. Further, Winters falls under Section 63 — 11— 30(2)(c),[10] as this DUI charge is at least his third offense within five years. Thus, the trial judge sentenced him appropriately.
It 9. We disagree with Winters’s argument that the language in the indictment does not charge him with felony DUI. While it is true that the indictment does not specifically state “.08%,” it does state that Winters operated a vehicle while having two one-hundredths percent (.02%) or more by weight volume of alcohol in his blood. And the indictment states that Winters feloniously drove or otherwise operated a vehicle while under the influence of an intoxicating liquor, and is headed “FELONY DUI MCA Section 63-11-30(l)(c).” Finally, the indictment clearly lists Winters’s previous convictions for DUI, which should have put him on notice that the State was seeking an enhanced penalty.[11] We find that the indictment *1176 “fully notified” Winters of the “nature and cause of the accusations against him.”[12]
¶ 10. We also disagree with Winters’s argument that Broadus v. State[13] should control the outcome of today’s case.[14] In Broadus, the indictment charged the defendant with the sale of marijuana, but it did not specify the amount of marijuana.[15] Broadus filed a demurrer to the indictment, arguing that the failure to state an amount meant that his offense potentially could have fallen under two different statutes.[16] The trial court overruled the demurrer, holding that the indictment properly charged Broadus with the crime of unlawful sale of marijuana.[17] But because no amount was stated in the indictment, the trial judge sentenced Broadus under the statute prescribing the lesser penalty.[18] On appeal, this Court held that the trial judge acted properly, reiterating the rule that when there is substantial doubt as to which statute should be applied, the court will apply the one with the lesser penalty.[19]
¶ 11. We find Broadus distinguishable from the case at hand. First, Winters’s indictment is not completely silent as to the amount of alcohol in his blood. The indictment specifies a BAC of .02% or more. The addition of the words “or more” could be read to include a BAC of up to .08%, or even higher. Second, the indictment lists all of Winters’s prior convictions for DUI, which should have put him on notice that the State intended to pursue a conviction for a third or subsequent DUI. Finally, the indictment charges Winters with “feloniously” operating a vehicle while under the influence, and it is headed “FELONY DUI MCA Section 68 — 11—30(1) (c)We find that there was no “substantial doubt”[20] as to which statute should be applied in this case, and Winters therefore was properly sentenced.
CONCLUSION
¶ 12. Based on the foregoing, we find that the indictment charged Winters with felony DUI. We therefore affirm the judgment and sentence of the Bolivar County Circuit Court.
¶ 18. CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF ONE (I) YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, INTENSIVE SUPERVISION PROGRAM, FOLLOWED BY FOUR (4) YEARS PROBATION, WITH CONDITIONS, AFFIRMED.
WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, *1177 CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.

. It is not clear from the record whether Winters had been convicted of DUI two or three times before. Although the text of the indictment states that Winters "has been previously convicted twice before,” it goes on to list three separate offenses. But, whether Winters’s current conviction is his third or fourth is immaterial, because the punishment is the same for any "third or subsequent” *1174 conviction. See Miss.Code Ann. § 63 — 11— 30(2)(c) (Rev.2004).

. See Miss.Code Ann. § 63-11-30(3)(a) (Rev. 2004). .

. Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893 (Miss.2006).

. URCCC 7.06; State v. Hoffman, 508 So.2d 669, 671 (Miss.1987); see Williams v. State, 445 So.2d 798 (Miss. 1984).

. Cantrell v. State, 507 So.2d 325, 329 (Miss.1987); see Ward v. State, 479 So.2d 713, 715 (Miss.1985); Hines v. State, 472 So.2d 386, 390 (Miss.1985); see also Hickombottom v. State, 409 So.2d 1337 (Miss.1982).

. Reining v. State, 606 So.2d 1098, 1103 (Miss.1992).

. Martin v. State, 501 So.2d 1124, 1126 (Miss.1987).

. Miss.Code Ann. § 63-11-30(3)(a) (Rev. 2004).

. Miss.Code Ann. § 63-11-30(3)(a) (Rev. 2004) (emphasis added).

. "Except as otherwise provided in subsection (3) ["Zero Tolerance for Minors" law], for any third or subsequent conviction of any person violating subsection (1) [general DUI statute] of this section, the offenses being committed within a period of five years, such person shall be guilty of a felony....”

.We also note that, in several pretrial motions, Winters’s counsel stated that "the Defendant is charged with felony DUI.” It is clear from the record that Winters was aware that the State was seeking a felony DUI conviction.

. State v. Hoffman, 508 So.2d 669, 671 (Miss.1987).

. Broadus v. State, 392 So.2d 203 (Miss.1980).

. Winters actually argues that Ivy v. State, 589 So.2d 1263 (Miss.1991), should be dispos-itive. However, after reading Ivy, it is clear that the defense is actually arguing the facts of Broadus v. State, 392 So.2d 203 (Miss.1980), a case cited within.

. Broadus, 392 So.2d at 204.

. Id.; see Miss.Code Ann. § 41-29-139(b) (Rev.2009) (current statute setting out the various penalties for the sale of marijuana).

. Id. at 205.

. Id.; see also White v. State, 374 So.2d 225, 227 (Miss.1979) ("We are therefore compelled to apply the rule that, when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.”).

. Broadus, 392 So.2d at 205 (citing White v. State, 374 So.2d 225 (Miss.1979)).

. White, 374 So.2d at 227.