GRIFFIS, P. J.,
 

 for the Court:
 

 ¶ 1. William Bryan Nelson appeals his conviction for his third DUI offense within five years, in violation of Mississippi Code Annotated section 63-ll-30(2)(c) (Supp. 2010). Nelson argues that: (1) the State failed to prove that he committed three DUI offenses within five years, and (2) the indictment failed to allege the essential elements of the crime with certainty. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On December 27, 2008, Nelson was stopped at a roadblock in Carthage, Mississippi. Officer Eric Lewis testified that Nelson admitted he had been drinking and that his driver’s license was suspended. Officer Lewis said that Nelson slurred his speech and held onto the side of the car for balance as he walked. Officer Lewis administered a Breathalyzer test, which was positive for alcohol. Nelson was arrested and taken to the Leake County Jail where Officer Lewis administered an In-toxilyzer 8000 test. The test revealed Nelson’s blood-alcohol level was 0.13 percent.
 

 ¶ 3. At trial, the State introduced evidence of two previous convictions. First, the State introduced a copy of an Abstract of Court Record from the Richland Municipal Court. This Abstract revealed that Nelson was previously convicted of a DUI offense on June 7, 2006, in the Richland Municipal Court. The abstract also indicated that Nelson’s “arrest date” was February 6, 2006. Second, the State introduced an abstract from the Rankin County Justice Court that revealed a second DUI conviction on June 19, 2006, for an offense that occurred on March 13, 2006.
 

 ¶ 4. The jury found Nelson guilty of three DUI offenses within five years. He was sentenced to two years in the custody of the Mississippi Department of Corrections with 120 days to serve in the Leake County Jail and the remainder of the sentence to serve on house arrest. Nelson was also ordered to pay a $2,000 fine. It is from this judgment that Nelson appeals.
 

 ANALYSIS
 

 ¶ 5. Before we reach the merits of Nelson’s argument, we must address the procedural history of Nelson’s appeal. Nelson filed his appellate brief with the aid of his counsel, Edmund Phillips Jr. His brief raised two issues on appeal: (1) whether
 
 *52
 
 the State failed to prove that he had committed three DUI offenses within five years and (2) whether the indictment failed to allege the essential elements of the crime with certainty. The State then responded to the issues raised by Nelson.
 

 ¶ 6. After the State filed its brief, a second attorney, Kevin Camp, filed an entry of appearance on behalf of Nelson.
 
 [1]
 
 Through Camp, Nelson filed his reply brief. On the same day that the reply brief was filed, Nelson filed a motion to address new issues in his reply brief. That motion was later denied by this Court. However, the reply brief had already been filed, and it raised several entirely new issues that were not addressed in Nelson’s initial brief.
 

 ¶ 7. The reply brief argued that Nelson’s initial attorney of record had been ineffective in his failure to raise in Nelson’s initial brief those issues contained in the reply brief. In fact, in his reply brief, Nelson admitted that the issues raised in his first brief were without merit.
 

 ¶ 8. We find that not only was Nelson’s request to raise new issues in his reply brief denied by this Court, but the Mississippi Supreme Court has adopted the rule of the United States Fifth Circuit Court of Appeals, stating: “We will not consider issues raised for the first time in an appellant’s reply brief.”
 
 Sanders v. State,
 
 678 So.2d 663, 669-70 (Miss.1996) (quoting
 
 United States v. Anderson,
 
 5 F.3d 795, 801 (5th Cir.1993)). Thus, this Court will not address the new issues addressed in Nelson’s reply brief. However, despite Nelson’s own admission that his original issues lack merit, we will briefly explain why we agree.
 

 1. Whether the State failed to prove that he committed three DUI offenses within five years.
 

 ¶9. Nelson claims that the State failed to meet its burden of proof that he committed three DUI offenses within five years because the abstract of the conviction in the Richland Municipal Court did not disclose the date of the offense or arrest.
 

 ¶ 10. In reviewing a challenge of legal sufficiency, this Court must determine whether any rational juror could have found that the State proved each and every element of the crime charged beyond a reasonable doubt.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). The State must be given the benefit of all reasonable inferences that may be drawn from the evidence.
 
 Christian v. State,
 
 859 So.2d 1068, 1071 (¶ 12) (Miss.Ct.App.2003) (citation omitted).
 

 ¶ 11. Nelson was charged under section 63-ll-30(2)(c) which states: “Except as otherwise provided in subsection (3), for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony.” This requires that the State prove two things for each conviction. First, the offenses resulted in convictions for DUI; and second, the offenses for which the defendant was previously convicted occurred within five years of the charged offense.
 

 ¶ 12. Nelson’s argument is partly correct. The record shows that the abstract does not state the date of the offense. And he is correct that section 63 — 11— 30(2)(e) requires the State to prove that the date of
 
 offense
 
 for each of the three
 
 *53
 
 convictions occurred within five years of each other, not the date of the convictions. However, the abstract of Nelson’s conviction in the Richland Municipal Court does include the date of arrest. As the State asserts, a reasonable juror could infer that the date of arrest for the DUI was the same date that the offense occurred.
 
 See Smith v. State,
 
 950 So.2d 1056, 1058 (¶ 8) (Miss.Ct.App.2007) (noting that the date of the offense is normally the date of arrest).
 

 ¶ 13. We find that the State presented sufficient evidence for the jury to find the necessary elements to convict Nelson of three DUI offenses within five years. Accordingly, we conclude that this issue has no merit.
 

 2. Whether the indictment failed to allege the essential elements of the crime with certainty.
 

 ¶ 14. Nelson also claims that his indictment failed to state the essential elements of the crime with certainty. Specifically, he says that the indictment alleged that he had .08% or more alcohol in his blood by “weight volume.” Nelson argues that weight and volume are different characteristics of matter. He says there is no such measurable characteristic as the weight volume of alcohol; therefore, his indictment that used the phrase weight volume was vague. The State responds that the term weight volume has been used in several Mississippi statutes and cases concerning a person’s blood-alcohol level.
 
 [2]
 

 ¶ 15. Whether the indictment sufficiently notified the defendant of the charge against him is a question of law reviewed under a de novo standard.
 
 Winters v. State,
 
 52 So.3d 1172, 1174 (¶ 7) (Miss.2010).
 

 ¶ 16. The language of the DUI statute says that it is unlawful for a person to drive with “an
 
 alcohol concentration
 
 of eight one-hundredths percent (.08%) or more-” Miss.Code Ann. § 63-11-30(l)(e) (emphasis added). While the statute does not use the term weight volume, the supreme court has held that the indictment is not required to have the exact terms of the statute “if the crime can be substantially described without using them.”
 
 Winters,
 
 52 So.3d at 1174-75 (¶ 7).
 

 ¶ 17. What is required is that the indictment “be a plain, concise and definite written statement of the essential facts constituting the offense charged and should fully notify the defendant of the nature and cause of the accusations against him.”
 
 Id.
 
 (citation and quotation omitted). The indictment clearly notified Nelson of the State’s allegation that Nelson had a .08% alcohol content in his blood. We find that the indictment was legally sufficient to charge Nelson with a DUI offense. Therefore, this issue has no merit.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF DUI THIRD OFFENSE AND SENTENCE OF TWO YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH 120 DAYS TO SERVE IN THE LEAKE COUNTY JAIL AND THE REMAINDER TO BE SERVED UNDER HOUSE ARREST AND TO PAY A $2,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS,
 
 *54
 
 CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . The record does not contain a motion to withdraw from Phillips, Nelson’s first attorney.
 

 [2]
 

 .
 
 See
 
 Miss.Code Ann. § 59-23-7(l)(c) (Supp. 2010).
 
 See also Weaver v. State,
 
 713 So.2d 860, 864 (¶ 22) (Miss.1997);
 
 Fishery. City of Eupora,
 
 587 So.2d 878, 888 (Miss.1991);
 
 Porter v. State,
 
 749 So.2d 250 (Miss.Ct.App.1999).