GRIFFIS, P.J.,
for the Court:
¶ 1. Kenneth Baker appeals his conviction for statutory rape under Mississippi Code Annotated section 97-3-65 (Supp. 2011). On appeal, he argues: (1) the indictment was fatally defective because it failed to allege an essential element of the crime charged, and (2) the trial court committed plain error by failing to instruct the jury on the essential elements of the crime. We find no error and affirm.
FACTS
¶ 2. In September 2007, fifteen-year-old Victoria[1] lived with her mother in a trailer park located on Gunshot Road in Lowndes County, Mississippi. On the morning of September 5, 2007, thirty-year-old Kenneth Baker left for work from his sister’s trailer, which was located near Victoria’s trailer. Before he left for work, he entered Victoria’s trailer and had sexual intercourse with her while her mother was away at work.
¶ 3. Baker and Victoria disagree about what happened inside the trailer on that morning. Victoria testified Baker tapped on her trailer window and asked her to let him inside. Victoria claims she let Baker inside, and he in turn groped her, laid her down on the living room floor, put his penis inside her vagina, and pulled out before ejaculating on the living room carpet. Conversely, Baker testified that Victoria flagged him down while he was leaving for work that morning. She then asked him to light her cigarette and requested that he enter the trailer. Baker claims that when he entered, Victoria asked him to pay her for sex, grabbed and massaged his penis, and left the room before he ejaculated in his pants and on the carpet. Both agree that Victoria gave Baker two washcloths to clean himself and the carpet. Baker left for work, and Victoria went to school shortly after the incident.
¶ 4. Victoria told her mother about the event later that afternoon, and her mother contacted the police.
¶ 5. Officer Greg Wright, the investigating officer, collected physical evidence from the trailer. Officer Wright instructed Victoria to visit a local hospital to receive a rape test, and he later collected evidence from Baker. On September 5, 2007, Officer Wright sent a portion of the carpet and the two washcloths from the trailer to Scales Biolab for testing. Victoria visited the hospital on the day of the alleged rape, where a nurse collected vul-var and vaginal swabs from her. These swabs were also sent to Scales Biolab. Baker voluntarily gave swabs of his saliva to Officer Wright in his subsequent investigation.
¶ 6. Dr. Bo Scales, testified about the tests he ran on the evidence he had received from Officer Wright and the hospital. Dr. Scales testified that the carpet from the trailer tested positive for Baker’s semen and DNA. Dr. Scales also testified that one of the washcloths tested positive for a mixture of DNA from Victoria and Baker. He testified that the vaginal swab *694 taken from Victoria’s inner vagina contained no semen or DNA from Baker. Finally, Dr. Scales testified that the vulvar swab contained no semen from Baker, but it did return a positive match for Baker’s DNA.
¶ 7. Baker was convicted of statutory rape for having sexual intercourse with a fifteen-year-old girl. He was sentenced to twenty-three years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision.
ANALYSIS

1. Whether the indictment was fatally defective because it failed to allege an essential element of the crime charged.

¶ 8. Baker argues that the indictment was fatally defective because it failed to allege an essential element of statutory rape under section 97-3-65. Specifically, he argues that failing to include the element stating Victoria was not his spouse resulted in a fatally defective indictment. The State argues Baker’s claim is procedurally barred because he failed to raise it before the trial court, and the claim has no merit because the indictment was sufficient as it gave Baker reasonable notice of the charge against him.
¶ 9. Notwithstanding the claim of a procedural bar, we find that the indictment was sufficient. The standard of review as to whether an indictment notifies a defendant of a charge against him is a question of law, which is reviewed de novo. Winters v. State, 52 So.3d 1172, 1174 (¶ 7) (Miss.2010).
¶ 10. The indictment alleges that Baker:
a person who is twenty-one (21) years of age or older ... did unlawfully, willfully, and feloniously have sexual intercourse with [Victoria] a child at least fourteen (14) years of age, but under sixteen (16) years of age, her date of birth being October 17, 1991, the said KENNETH BAKER being thirty-six (36) or more months older than said child, his date of birth being April 5, 1977, by inserting his penis into her vagina and engaging in sexual intercourse....
¶ 11. Section 97-3-65(l)(a) states that the elements of statutory rape have been met when:
(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who:
(i) Is at least fourteen (14) but under sixteen (16) years of age;
(ii) Is thirty-six (36) or more months younger than the person; and
(iii) Is not the person’s spouse.
We find that the omission of the element that Victoria was not Baker’s spouse was inconsequential because there was no evidence in the record to suggest that Victoria was Baker’s spouse. Further, Baker testified that he was married to another person at the time of the alleged rape.
¶ 12. Baker’s indictment was sufficient because it tracked the language of the statute, discussed essential facts of the offense, and its heading stated: “STATUTORY RAPE (§ 97-3-65).” This Court has held that the purpose of an indictment is to put the defendant on notice of the charge against him. Robinson v. State, 966 So.2d 209, 213 (¶ 11) (Miss.Ct.App. 2007). The supreme court has held that an indictment gives sufficient notice so long as its words substantially describe the crime within the statute. Winters, 52 So.3d at 1175 (¶ 7). And it is “not a requirement that the indictment use the exact words of the statute.” Id. Further, indictments generally only need to be a “plain, concise[,] and definite written statement of the essential facts constituting the *695 offense charged.” Id. Here, the indictment clearly discussed the facts of the case when it stated the ages of both Baker and Victoria and the nature of the crime. Indictments become defective when they fail to inform the defendant of the crime he is charged with committing. Broadus v. State, 392 So.2d 203, 205 (Miss.1980). Here, the indictment was not defective because its heading clearly stated the crime and code section: “STATUTORY RAPE (§ 97-3-65).”
¶ 13. Accordingly, the indictment was not defective because it gave Baker sufficient notice that he was being charged with statutory rape. Therefore, this issue has no merit.

2. Whether the trial court committed plain error by failing to instruct the jury on the essential elements of the crime.

¶ 14. Baker again argues that an essential element of the crime was omitted—this time from jury instruction S-2. The State argues Baker is precluded from raising this issue because he failed to raise it at trial, and the instruction was sufficient because it followed and tracked the indictment.
¶ 15. Baker’s claim is procedurally barred because he failed to object specifically to jury instruction S-2. The Mississippi Supreme Court has held that an opposing party must state a contemporaneous objection in specific terms to a jury instruction in order to preserve that point for appeal. Young v. Robinson, 538 So.2d 781, 783 (Miss.1989). “Further, on appeal a party may not argue that an instruction was erroneous for a reason other than the reason assigned on objection to the instruction at trial.” Id. Here, the record states that defense counsel objected to a jury instruction; however, the objection did not specifically target jury instruction S-2. Thus, we find Baker’s claim is procedurally barred.
¶ 16. Notwithstanding this procedural'bar, this claim is without merit because jury instruction S-2 was sufficient. The supreme court has stated the appellate court reviews jury instructions for abuse of discretion. Fulgham v. State, 46 So.3d 315, 323 (¶ 17) (Miss.2010). The contested jury instruction S-2 states:
The court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that on or about September 5, 2007:
1) Kenneth Baker was over 21 years of age, date of birth being April 5, 1977[,]
2) did unlawfully, willfully, and felo-niouslyt,]
3) have sexual intercourse^]
4) -with Victoria who was under 16 years of age, date of birth being October 17, 1991, then you shall find the defendant guilty as charged.
If the State fails to prove any one or more of the above elements beyond a reasonable doubt, then you should find the defendant not guilty.
¶ 17. Baker argues the trial court committed plain error because section 97-3-65(l)(a)(iii), which provides “is not the person’s spouse,” was missing from jury instruction S-2. This element was not included in the instruction; however, we do not find that the trial court committed error in allowing this instruction.
¶ 18. We review the jury instructions given as a whole to determine whether the decision to refuse a particular instruction was made in error. Ross v. State, 22 So.3d 400, 423 (¶ 115) (Miss.Ct. App.2009) (citation omitted). If the instructions fairly state the law of the case *696 and no injustice is created, no reversible error will be found. Id.
¶ 19. The trial court committed no error issuing jury instruction S-2. The jury instruction was sufficient because its language, when read as a whole, tracked the language contained in the indictment. And the indictment clearly notified Baker that he was being charged with statutory rape. Further, failure to include the element — “not the person’s spouse,” — within the jury instruction did not create an injustice to Baker. Baker testified at trial that he was married to another person, not Victoria, at the time of the alleged rape. We find the jury instruction was sufficient; accordingly, this issue without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY-THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. FAIR, J., NOT PARTICIPATING.

. To protect the identity of the minor child, she will be referred to by the fictitious name, "Victoria.”