# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00356-COA

**EARL BATES A/K/A EARL BATES, SR.**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/14/2022 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARL BATES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Earl Bates pled guilty in 1990 to the charge of carrying a concealed weapon by a felon.  *See* Miss. Code Ann. § 97-37-5 (1972).  The Pike County Circuit Court sentenced Bates to one year in the custody of the Mississippi Department of Corrections (MDOC), with the sentence "suspended on two years good behavior."  In 2019, Bates filed a motion for post-conviction relief (PCR), challenging his 1990 conviction.[1]  He argued that (1) the prosecution had failed to prove a factual basis for the charge; (2) the indictment was

---

[1] Bates sought to invalidate the 1990 conviction in order to obtain relief from his habitual-offender status for subsequent 1995 convictions for murder and aggravated assault. *See Howell v. State*, 283 So. 3d 1100, 1104 (¶16) (Miss. 2019) (holding that "postconviction relief is available to 'any person sentenced by a court of record of the State of Mississippi'" (quoting Miss. Code Ann. § 99-39-5(1) (Rev. 2015))).

insufficient; (3) his sentence was illegal; and (4) his trial counsel rendered ineffective assistance. The circuit court dismissed Bates's motion with prejudice, finding that it "fail[ed] to state a claim for which relief [could] be granted" and that it was untimely filed. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (providing that a defendant who has entered a guilty plea and seeks relief under the Mississippi Uniform Post-Conviction Collateral Relief Act [(UPCCRA)] must file a PCR motion "within three . . . years after entry of the judgment of conviction"). We affirmed the court's judgment in *Bates v. State*, 319 So. 3d 508, 513 (¶17) (Miss. Ct. App. 2021).[2]

¶2. On March 3, 2022, Bates filed yet another PCR motion with the Pike County Circuit Court, again requesting relief from his 1990 conviction and citing the same issues raised in his 2019 PCR motion (i.e., no factual basis, defective indictment, illegally suspended sentence, and ineffective assistance of counsel).[3] The circuit court dismissed Bates's PCR motion on October 14, 2022, finding that Bates's claims had no merit and that the motion was barred as successive.

¶3. We find no error in the court's decision. This Court "will not disturb a circuit judge's factual findings on a denial of a motion for post-conviction relief unless they are clearly erroneous." *Ramsey v. State*, 290 So. 3d 1281, 1284 (¶4) (Miss. Ct. App. 2020) (citing

---

[2] Bates had also unsuccessfully challenged his 1995 convictions in PCR motions, which our Court found were procedurally barred. *Bates v. State*, 271 So. 3d 575, 578 (¶15) (Miss. Ct. App. 2018) (ordering sanctions for frivolous filings "in the amount of one hundred dollars"); *Bates v. State*, 205 So. 3d 1126, 1129 (¶12) (Miss. Ct. App. 2016).

[3] In November 2021, Bates filed a motion with the Mississippi Supreme Court seeking leave to proceed in the trial court. Because Bates had not directly appealed his 1990 conviction, the supreme court dismissed the motion without prejudice on January 11, 2022.

*Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)). Questions of law are reviewed de novo. *Id*. In 2019, the circuit court denied Bates's PCR motion challenging his 1990 conviction and addressed the issues recently raised in the present motion. Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) states that an order denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Furthermore, Bates has not demonstrated that his claims fall within any statutory exception under the UPCCRA. *See* Miss. Code Ann. § 99-39-5(2)(a)-(b) & § 99-39-23(6).

¶4.     Bates's claim that his suspended sentence was illegal is also barred by res judicata and without merit. *See Powers v. State*, 371 So. 3d 629, 660 (¶101) (Miss. 2023) (holding that "res judicata has been applied to claims that were considered and rejected in prior post-conviction proceedings"). In *Bates*, 319 So. 3d at 512-13 (¶¶12-15), we considered this argument and determined that "[b]ecause Bates's sentence was more lenient than what his legal sentence would have been, . . . any error by the circuit court in suspending his sentence was harmless." *See also Ramsey*, 290 So. 3d at 1284 (¶10) (holding "that a defendant cannot complain of a sentence that is 'illegally lenient'"). We therefore affirm the circuit court's judgment dismissing Bates's PCR motion with prejudice.[4]

¶5.     **AFFIRMED.**

     **CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[4] Additionally, Bates asserts for the first time in his reply brief that he was not appointed an attorney for his "plea hearing or sentenc[ing] hearing." "We will not consider issues raised for the first time in an appellant's reply brief." *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011). Moreover, this argument directly contradicts his claim of ineffective assistance of counsel from his PCR motion.